UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 05-11278-WRS
                                                   Chapter 7
WILLIAM C. MOORE,

    Debtor


SYRETHA B. PAGE,

    Plaintiff                              Adv. Pro. No. 06-1021-WRS

  v.

WILLIAM C. MOORE,

    Defendant


## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for trial on February 5, 2007. Plaintiff Syretha B. Page was in court in person and by counsel Virginia L. McInnes. Defendant William C. Moore was in court in person and by counsel Rafael Gil, III. Evidence was heard and the Court took the proceeding under submission. For the reasons set forth below, the Plaintiff's complaint is DISMISSED.

## I. FINDINGS OF FACT

Defendant William C. Moore, the Debtor in the underlying bankruptcy proceeding, filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on June 20, 2005. (Case No. 05-11278). On October 30, 2006, this Court granted Moore a discharge of his debts pursuant to 11 U.S.C. § 727. (Doc. 54). Moore was a practicing dentist but has retired on a

disability, as he suffers from serious back problems. Plaintiff Syretha B. Page had been an employee in Moore's dental office. It is undisputed that Page made a loan of $50,000.00, though it is in dispute whether the loan was made to Moore personally or to his corporation.

Page claims that she had a romantic relationship with Moore and that she loaned him the money because she had inferred, from the nature of their relationship, that they would one day be married. However, Page admits that she and Moore did not date. The extent of their relationship was at the office and telephone calls which she described as flirtatious. Moore has recently married another woman and denies that he had any romantic relationship with Page.

The Court heard oral testimony from both Page and Moore and had the opportunity to observe their demeanor. While Page may well have had the sincere hope that her friendship with Moore would have culminated in marriage, the issue here is whether Moore made any false statements of fact to Page. The Court finds that Moore did not make a false statement to Page.

## II. CONCLUSIONS OF LAW

This is an adversary proceeding to determine whether the indebtedness owed by the Defendant should be excepted from his discharge. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Page contends that the indebtedness owed her is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). This provision states, in part, as follows:

> (a) a discharge under section 727 . . . of this title does not
> discharge an individual debtor from any debt–
>
> * * *
>
> (2) for money, property, services, or an extension, renewal, or
> refinancing of credit to the extent obtained, by–

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2).

Exceptions to discharge are to be strictly construed in favor of the debtor. Meyer v. Riddon, 36 F.3d 1375, 1385 (7th Cir. 1994). The burden of proving that the debt should be excepted from discharge is on the creditor. FED. R. BANKR. P. 4005. Representations as to future intentions or promises to perform certain acts in the future generally do not give rise to actionable fraud, unless the defendant had no intent to fulfill the promise at the time of its making. See Thomas v. Turner (In the Matter of Turner), 12 B.R. 497, 501 (Bankr. N.D. Ga. 1981) (generally a fraud action will not lie for misrepresentations as to future promises or facts, but an exception exists where, at the time the promise was made, the promisor had the intent not to perform the promised act).

To prevail on a claim, the Plaintiff must prove, by a preponderance of the evidence, the following elements:

(1) The debtor made a false representation of a past or current material fact;

(2) With the intent to deceive the creditor;

(3) The creditor justifiably relied upon the representation; and

(4) The creditor sustained loss as a proximate result of the representation.

St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 676 (11th Cir. 1993); Capital Chevrolet v. Bullock (In re Bullock), 317 B.R. 885, 888-89 (Bankr. M.D. Ala. 2004); Overly v. Guthrie (In re Guthrie), 265 B.R. 253, 258 (Bankr. M.D. Ala. 2001); see also, Field v. Mans, 516 U.S. 59, 61, 116 S.Ct. 437, 439, 133 L.Ed.2d 351 (1995) (holding that "justifiable reliance" was

the appropriate standard, rather than the more stringent "reasonable reliance" standard); Grogan v. Garner, 498 U.S. 279, 285, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991) (holding that a preponderance of the evidence is the proper burden of proof in actions for nondischargeability).

In the case at bar, Page fails on the first element. Page failed to prove that any false representation was made. As for Moore's intentions, Page failed to identify even one false statement of fact. Rather, her argument was that she was led to believe that the parties had a romantic relationship. The factual issue here is whether Moore made a false statement of fact, which he did not.

The Plaintiff's complaint contains allegations that she was misled as to the Debtor's financial condition. The evidence at trial on this was sketchy, however, because Page was generally aware of the business difficulties that Moore was suffering at the time of her employment, and she could not identify a false statement. To be sure, Page formed the mental impression that the indebtedness could be repaid given the level of Moore's accounts receivable. It appears that Moore and Page were both mistaken on this question. The evidence does not bear out Page's contention that she had been misled.[1]

---

[1] The Plaintiff fails to recognize a technical difficulty in this contention. Section 523(a)(2)(A) claims specifically exclude claims respecting the debtor's financial condition. Section 523(a)(2)(B), which deals with false claims concerning a debtor's financial condition require a written representation. Because no proof of a false oral statement as to financial condition was shown, the Court need not reach the question of whether an oral statement of the debtor's financial condition is legally sufficient.

## III. CONCLUSION

Page's case fails, because she has failed to prove that Moore made a false statement. The Court will, by way of a separate document, enter judgment for the Defendant.

Done this the 7th day of February, 2007

/s/ William R. Sawyer
United States Bankruptcy Judge